# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROBERT B. ELWELL,**
**# R05754**,

    **Plaintiff,**

**vs.**                                                          **Case No. 4:16cv748-RH/CAS**

**OFFICER NORMAN COCHRAN, JR.**
**AND CAPTAIN J.S. CLARK,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on December 6, 2016, by filing a civil rights complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. In a separate Order entered this day, Plaintiff's motion is granted. Because he is not required to pay an initial partial filing fee, the complaint has been reviewed as required by 28 U.S.C. § 1915A.

The compliant alleges that Plaintiff was issued a disciplinary report for disobeying a verbal or written order. ECF No. 1 at 5-6. Although he contends he complied with all instructions, he was found guilty of the charge. *Id.* He contends that because of that disciplinary report, he "lost

gain time and has a D.R. on his record" which precludes him from receiving a transfer. *Id.* at 6. As relief, Plaintiff seeks to have the disciplinary report expunged from his record and have his gain time restored. *Id.* at 7.

There are generally "two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750, 124 S. Ct. 1303, 1304, 158 L. Ed. 2d 32 (2004). Challenges to either the validity of one's confinement or the duration of confinement are within the province of habeas corpus. Muhammad, 540 U.S. at 750, 124 S. Ct. at 1304. It is well established that a prisoner may not use a § 1983 civil rights case "to challenge 'the fact or duration of his confinement." Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Wolff v. McDonnell, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)).

Here, Plaintiff is challenging the loss of gain time and, thus, the duration of his confinement. His only request for relief, if granted, would result in "a shorter period of detention." Wilkinson, 544 U.S. at 79, 125 S. Ct. at 1246. The claim "lies at 'the core of habeas corpus,'" and cannot be pursued under § 1983. 544 U.S. at 79, 125 S. Ct. at 1246. Prisoners may not use § 1983 to seek the restoration of gain time. Wolff, 418 U.S. at 554, 94 S. Ct. at 2974 (relying on Preiser, *supra*). This case should be summarily dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, should be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:16cv748-RH/CAS

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:16cv748-RH/CAS